UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

STEVEN MICHAEL CARTER,

        Petitioner,

v.                                    CASE NO. 08-10838
                                    HONORABLE ANNA DIGGS TAYLOR

THOMAS BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, GRANTING IN PART A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Steven Michael Carter has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne County conviction for criminal sexual conduct in the fourth degree. Petitioner alleges that (1) evidence of other criminal sexual conduct was improperly admitted at his trial, (2) the jury's verdict was not supported by sufficient evidence, (3) the trial court deprived him of due process by advancing the trial date, and (4) his trial attorney was ineffective for failing to object when the trial court read the wrong information to the jury venire. Respondent Thomas Bell urges the Court through counsel to deny the petition on the grounds that Petitioner's claims are not cognizable on habeas review, lack merit, or are procedurally defaulted. The Court agrees that Petitioner is not entitled to the relief he seeks. Therefore, his petition will be denied.

**I. Background**

Petitioner was charged with fourth-degree criminal sexual conduct in two unrelated cases. In the first case (case number 05-11778), Petitioner allegedly touched a woman's

buttocks and breast at a gas station on August 7, 2005. In the second case (case number 05-11783), which resulted in the conviction under attack here, Petitioner allegedly touched a different woman's buttocks at a restaurant on November 7, 2005.

At a pretrial conference on March 3, 2006, Petitioner's attorney was informed that case number 05-11778 would be tried on April 5, and that case number 05-11783 would be tried on April 11. However, the trial in this case (case number 05-11783) commenced on April 5, 2006, instead of the other case. On the same day, the jury found Petitioner guilty, as charged, of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(b) (force or coercion used to accomplish sexual contact). The conviction arose from

> [Petitioner's] assault of a young woman at a Church's Chicken in Southfield. On November 7, 2005, around 2:30 p.m., the victim had just bought her lunch, and as she was leaving the restaurant, [Petitioner], whom she had never seen before, met her in the doorway and grabbed her buttocks. The victim asked [Petitioner] what he was doing, and [Petitioner] responded, "You know you like it. You know you like it." The victim told [Petitioner] not to touch her, and she tried to move away from the door because [Petitioner] was trying to grab her a second time. After a few minutes, [Petitioner] left. The victim then reported the incident to a police officer, who was parked outside of the restaurant, and [Petitioner] was arrested.

*People v. Carter*, No. 270195, 2007 WL 1932025, at *1 (Mich. Ct. App. July 3, 2007). The trial court sentenced Petitioner to two years of probation, with the first year to be served in jail.

The Michigan Court of Appeals affirmed Petitioner's conviction, *see id.*, but remanded his case to the trial court for re-sentencing and for consideration of attorney fees. On January 8, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Carter*, 743 N.W.2d 35 (Mich. 2008). Petitioner filed his habeas corpus petition on February 29, 2008.

**II. Standard of Review**

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### III.  Discussion

#### A.  "Other Acts" Evidence

Petitioner alleges that the trial court deprived him of his right to due process and a fair trial by admitting in evidence the testimony of the complainant in his other criminal sexual conduct case. Petitioner contends that the other complainant's testimony was more prejudicial than probative and was neither material, nor relevant to a fact in issue. He maintains that the effect of the evidence was to prosecute him for more than one offense and to show that he had a propensity to commit sexual assaults.

3

Petitioner's claim lacks merit, because

> [t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence . . . .  While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed.2d 574 (1997); *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988), it has not explicitly addressed the issue in constitutional terms.

*Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003); *see also Bey v. Bagley*, 500 F.3d 514, 519-23 (6th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1704 (2008).  As there is no Supreme Court decision barring the use of propensity evidence on constitutional grounds, the state court's finding – that the evidence was admissible – was not contrary to Supreme Court precedent.

Furthermore, the Due Process Clause has limited operation beyond the specific guarantees enumerated in the Bill of Rights.  *Dowling v. Unites States*, 493 U.S. 342, 352 (1990). The Supreme Court therefore "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Id.*

The allegations in both of Petitioner's criminal-sexual-conduct cases were that Petitioner grabbed a woman's buttocks in a public place and made a sexual remark to the woman.  The prosecutor used evidence from Petitioner's other case to show Petitioner's intent and the absence of mistake in the case under consideration here.  This was a proper use of the evidence.  *See* Mich. R. Evid. 404(b)(1) (stating that evidence of other crimes, wrongs, or acts may be admissible "as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident").

Petitioner alleges that the evidence should not have been admitted because he did not

defend the charge against him on the theory that the touching was a mistake. The prosecutor, however, had to prove that Petitioner's conduct was intentional and not an accident or mistake, *see* Mich. Comp. Laws § 750.520a(q)(defining "sexual contact" as an intentional touching), and the trial court instructed the jury to consider the disputed evidence only for the purpose of determining whether it tended to show that Petitioner acted purposely, that is, not by mistake or accident. (Tr. Apr. 5, 2009, at 12, 189.) The Court therefore concludes that, even if Petitioner's claim is cognizable on habeas review, the use of "other acts" evidence was not fundamentally unfair, and Petitioner's right to due process was not violated by the admission of the evidence.

### B. Sufficiency and Weight of the Evidence

Petitioner alleges next that there was insufficient evidence at trial to support the jury's verdict. In the alternative, Petitioner alleges that the testimony was against the great weight of the evidence and resulted in a miscarriage of justice.

#### 1. Clearly Established Law

The contention that a new trial should be granted because the jury's verdict was against the weight of the evidence "is a state-law argument," and "a federal court is only allowed to review issues of federal law in a habeas proceeding." *Nash v. Eberlin*, 258 Fed. Appx. 761, 764 n.4 (6th Cir. 2007). The only relevant question is "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The focus is not "on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

The *Jackson* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. Petitioner was charged with engaging in sexual contact with another person, using force or coercion to accomplish the sexual contact. *See* Mich. Comp. Laws § 750.520e(1)(b).

The statute defines "sexual contact" as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner . . . ." Mich. Comp. Laws § 750.520a(q). Buttocks are considered "intimate parts" of the body, Mich. Comp. Laws § 750.520a(e), and "[t]he existence of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence." *People v. Malkowski*, 499 N.W.2d 450, 451 (Mich. Ct. App. 1993), *overruled in part on other grounds by People . Edgett*, 560 N.W.2d 360 (1996). "The definition of the term 'force' includes, among other things, 'strength or power exerted upon an object.'" *People v. Premo*, 540 N.W.2d 715, 717 (Mich. Ct. App. 1995) (quoting The Random House College Dictionary: Revised Edition, 515).

### 2. Application

Petitioner alleges first that there was no evidence he was the perpetrator of the offense. The complainant, however, positively identified Petitioner at trial as the man who touched her. She was sure that he was the man who touched her, and she claimed that no one else was behind her at the time. (Tr. Apr. 5, 2006, at 98, 106-07, 125.)

Petitioner attempts to discount the complainant's testimony on the grounds that her

6

testimony was uncorroborated and untrustworthy. A victim's testimony in a criminal-sexual-conduct case need not be corroborated, Mich. Comp. Laws § 750.520h; *People v. Lemmon*, 576 N.W.2d 129, 132 n 6 (Mich. 1998), and "[a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "[A]ttacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence." *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984) (emphasis in original).

Petitioner claims next that there was no evidence he touched the complainant for sexual gratification. His intent, however, was established by (1) the nature of the touching (on an intimate part of the body), (2) his suggestive remark, "You know you like it," and (3) evidence that he engaged in similar conduct with a stranger.

Finally, Petitioner claims there was no evidence that he used force or coercion or put the victim in fear in order to accomplish sexual contact. The victim, however, testified that Petitioner gripped her buttocks "real hard" and that she felt helpless, threatened, and scared. She thought he might hit her, and, after the first touching, the two of them went around in circles because Petitioner tried to touch her a second time. (Tr. Apr. 5, 2006, at 99-105, 125.)

In *Premo*, the Michigan Court of Appeals opined that "the act of pinching is an act of physical force because it requires a person to exert strength or power on another person." The Court of Appeals held in *Premo* that "pinching is sufficient to constitute force" for purposes of fourth-degree criminal sexual conduct. *Premo*, 540 N.W.2d at 717. The grabbing in this case was comparable to the pinching in *Premo*. Petitioner used physical force requiring him to exert strength or power over another person. Consequently, the prosecution satisfied the element of

force or coercion.

A rational juror could have concluded from the testimony taken in the light most favorable to the prosecution that Petitioner intentionally touched the victim's buttocks for the purpose of sexual arousal or gratification and that he used force to accomplish the contact. Therefore, the state appellate court's conclusion – that the evidence was sufficient to support Petitioner's conviction – was objectively reasonable and neither contrary to, nor an unreasonable application of, *Jackson*.

### C.  The Trial Date

Petitioner asserts that he was deprived of his right to notice, to due process of law, and to the effective assistance of trial counsel because the trial court advanced the trial date without notice and despite his attorney's objection.[1] Petitioner alleges that the change in the trial date violated state law, which requires courts to give reasonable notice of a trial date and to shorten the time for trial only when there is "good cause" for doing so.  According to Petitioner, there was no showing of "good cause" for advancing his trial date, and the surprise notice provided him with no opportunity to contact witnesses or prepare for trial.

The alleged violation of state law is not a basis for habeas corpus relief, because a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "[F]ederal habeas

---

[1] Respondent argues that this claim is procedurally defaulted because the Michigan Court of Appeals reviewed Petitioner's claim for "plain error" due to the lack of an objection at trial.  The Court will excuse the procedural default because Petitioner's claim lacks merit, and a federal habeas court need not address a procedural-default issue before deciding against the petitioner on the merits.  *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)), *cert. denied*, __ U.S. __, 129 S. Ct. 1986 (2009).

corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner's constitutional claims are that he was denied his rights to due process and to notice of the trial date. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)). "[T]he right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

To prevail on a claim that a criminal defendant received inadequate notice of the trial date, the defendant must demonstrate that the rescheduling prejudiced his right to a fair trial. *United States v. Nelson*, No. 86-1869, 1989 WL 40245, at *2 (6th Cir. Apr. 21, 1989) (unpublished). A trial court has wide discretion in scheduling trials and that discretion should not be disturbed absent a manifest abuse of discretion. *United States v. Van Dyke*, 605 F.2d 220, 227 (6th Cir. 1979).

At a pretrial conference held on January 13, 2006, the trial court expressed a desire to try Petitioner's two criminal cases "right behind each other." The court then suggested March 7-9, 2006, as the trial dates for both cases. Defense counsel agreed to those trial dates. (Tr. Jan. 13, 2006, at 15-16.) Although that defense attorney subsequently withdrew from the case, the attorney who represented Petitioner at trial was present at the pretrial conference held on February 24, 2006, where he acknowledged the trial date of March 7, 2006. (Tr. Feb. 24, 2006, at 4.)

At the pretrial conference on March 3, 2006, defense counsel asked for an adjournment in the trial date until after April 3. The prosecutor expressed a preference for trying case number 05-11778 first, and he predicted that each case would take only one day to try. The trial court stated that case number 05-11778 would be tried on April 5, and that the other case would be tried on April 11. (Tr. Mar. 3, 2006, at 4-6.)

For reasons unclear from the record, case number 05-11783 was tried on April 5 instead of case number 05-11778.[2] Defense counsel's only objection was that he was unaware similar acts evidence would be admitted in case number 05-11783. He claimed that he was unprepared to deal with that evidence. (Tr. Apr. 5, 2006, at 87-88.) This may have been a ploy to avoid having the "other acts" evidence admitted. In any event, the complainant in the criminal-sexual-conduct case that formed the basis for the "other acts" evidence was listed as a witness in case number 05-11783, and defense counsel represented Petitioner in both cases. Consequently, as the Michigan Court of Appeals recognized, "it cannot be said that defense counsel was unprepared to address this evidence." *Carter*, 2007 WL 1932025, at *7. The two cases were similar in nature, and could have been consolidated for trial.

To summarize, Petitioner was given adequate notice of an earlier trial date and he was subsequently provided an additional month to prepare for trial. Additionally, there is inadequate support for Petitioner's contention that his attorney was unprepared to try the case. He has not alleged what more he could have done or what witnesses he would have called if he had been given more notice. The Court therefore concludes that Petitioner's right to due process was not

---

[2] Petitioner alleges that his attorney was informed at a side bar on the day of trial that the trial court intended to try case number 05-11783 first.

violated by the six-day advancement of the trial date. *See Nelson*, 1989 WL 40245, at *2 (finding no prejudice where the defendant's trial date was advanced by five days and defense counsel received notice of this change only two days before the new trial date).

### D. The Trial Court's Error; Defense Counsel's Failure to Object to the Error

Petitioner has alleged one additional claim on page 7-2 of his habeas petition, although he did not provide a separate heading for the claim. He alleges that the trial court read the wrong criminal information to the jury venire and that the court's error resulted in unfair prejudice to him. He further alleges that defense counsel rendered ineffective assistance by failing to object to the trial court's error.[3]

#### 1. Clearly Established Federal Law

A trial court's procedural error does not rise to the level of a federal constitutional claim warranting relief unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). And to prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings [deficient performance and prejudice], it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

---

[3] The Michigan Court of Appeals held that Petitioner waived his claim about the trial court's error when he indicated his satisfaction with the impaneled jury after *voir dire*. The Court will excuse Petitioner's state procedural error because his claim lacks substantive merit. *Mahdi v. Bagley*, 522 F.3d at 635. On the ineffectiveness issue, the Michigan Court of Appeals held that trial counsel's failure to object was not outcome determinative, given the uncontroverted evidence against Petitioner.

### 2. Application

At the beginning of the *voir dire* proceedings, the trial court read the incorrect criminal information to the jury. Instead of reading the charge and facts in the case to be tried (05-11783), the court informed the jury of the charges and facts in Petitioner's other criminal-sexual-conduct case (case 05-11778). It appears from the record that the prosecutor brought the error to the trial court's attention during a side bar. The trial court subsequently explained to the prospective jurors that the court clerk had handed the wrong criminal information to the court. The court then read the correct criminal information to the prospective jurors and explained that a criminal information is not evidence of a defendant's guilt. The court also stated that the prospective jurors must not draw any inference of guilt from the charge, that every person is presumed innocent, that the presumption of innocence continues throughout trial, and that a defendant is entitled to a verdict of not guilty unless the jury became satisfied beyond a reasonable doubt that the defendant was guilty. (Tr. Apr. 5, 2006, at 6-10.) The court repeated these principles at the conclusion of the case. (*Id*. at 182-84).

The trial court also explained to the prospective jurors that they might hear evidence that Petitioner may have committed other acts for which he was not on trial. The court then warned the panel to consider the evidence only for the purpose of deciding whether the evidence tended to show that Petitioner acted purposely, that is, not by mistake or accident. (*Id*. at 12.) These preliminary instructions also were repeated at the conclusion of the case. (*Id*. at 189.)

Furthermore, the incorrect charge and facts that were read to the prospective jurors during *voir dire* subsequently were used by the prosecutor as "other acts" evidence. Thus, the jurors who deliberated Petitioner's case eventually were exposed to the information. The Court

concludes that the trial court's error did not deprive Petitioner of due process or a fair trial and that defense counsel's failure to object to the error did not prejudice the defense.

## IV. Conclusion

The state appellate court's decision in this case was not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DENIED**.

Reasonable jurists, however, could disagree with the Court's resolution of Petitioner's second claim regarding the sufficiency of the evidence and his third claim regarding notice of the trial date. Accordingly, a certificate of appealability may issue on claims II and III. The Court declines to issue a certificate of appealability on Petitioner's first claim and his unnumbered fourth claim, because reasonable jurists would not disagree with the Court's resolution of those claims, nor conclude that those issues warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Petitioner may proceed *in forma pauperis* on appeal because at least two of the issues are arguable on the merits, and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(4)(B); *Foster v. Ludwick*, 208 F. Supp.2d 750, 764-65 (E.D. Mich. 2002).

DATED: November 3, 2009                  <u>s/Anna Diggs Taylor</u>
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 3, 2009.

Steven Carter
18443 Huntington
Detroit, MI 48219

                                                          s/Johnetta M. Curry-Williams
                                                          Case Manager